Raul Ibarra Cardenas
FRN 10705-041
FCI LOMPOC
3600 Guard Road
Lompoc, CA 93436

Pro se

RECEIVED
BY MAIL
DEC - 3 2004
CLERK US DIST COURT
MINNEAPOLIS MN

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| RAUL IBARRA-CARDENAS,<br>Plaintiff, | CASE No. 04-1559(DSD)<br>Crim.Case#02-317(1)DSD |
| v. | **REQUEST FOR CERTIFICATE OF APPEALABILITY (COA) FROM DISTRICT COURT'S ORDER DATED OCTOBER 26, 2004** |
| UNITED STATES OF AMERICA,<br>Defendant. | |

COMES NOW Petitioner, Raul Ibarra Cardenas, in pro se, in want and need of counsel and under severe conditions of imprisonment, hereby requests the issuance of a Certificate of Appealability from this court's unsigned order dated on October 26, 2004 denying Petitioner's 28 U.S.C. § 2255 Motion.

In support of the instant request, Petitioner states as follows:



SCANNED
DEC 06 2004
U.S. DISTRICT COURT MPLS

In a case decided February 25, 2003, a majority of the Supreme Court ruled that the tough standard the Antiterrorism and Effective Death Penalty Act sets for granting federal habeas corpus relief does not apply when federal courts of appeals consider whether to grant a Certificate of Appealability (COA) under 28 U.S.C. §2253. Likewise, the High Court ruled, the AEDPA's standard of clear and convincing evidence for rebutting the presumptive correctness of a lower court's factual findings is inapplicable when determining whether to grant a COA. See Miller-El v. Cockrell, U.S., No. 01-7662, 2/25/03.

The Supreme Court in Miller-El v. Cockrell elaborated on the appropriate standard for obtaining an appeal from a denial of a habeas corpus petition and drew heavily from its prior decision in Slack v. McDaniel, 529 U.S. 473 (2000) in which it said that the statute's standard is met if the petitioner shows that the correctness of the district court's resolution of the constitutional claim is debatable among jurists of reason.

The Court held that a decision of whether to issue a COA calls for "an overview of the claims in the habeas petition and a general assessment of their merits," but a "full consideration of the factual or legal bases" for the claims is forbidden as the petitioner need not prove that some jurists would ultimately grant the petition.

Petitioner submits that in the instant case it is beyond doubt that the issues presented in his request for a COA are

debatable among jurists of reason. In fact, there is ample evidence of the fact that at least some of the issues presented in the habeas corpus petition were ruled upon in a different manner that contravenes the decisions taken in this case.

Petitioner submits that not only would jurists of reason would find the issues debatable but, a certificate of appeal-ability ought to be issued based upon the fact that several of the issues brought forth on the habeas petition were never decided on their merits. When a district court denies a habeas corpus petition without reaching the underlying claims, a COA Certificate of Appelability ought to issue. Please see **Slack v. McDaniel**, Supra.

In this case, the district court's Order not only fails to address some of Petitioner's claims or mischaracterizes them, but it totally fails to acknowledge that the Eight Circuit Court of Appeals has declared that in light of **Blakely v. Washington**, 124 S.Ct. 2531 (2004), the United States Sen-tencing Guidelines are unconstitutional. The district court in the instant case only provides an explanation as to why it rationalizes that **Blakely** is not to be applied retroactively even if the U.S. Supreme Court has made no decision in the matter and in spite of the fact that Petitioner Ibarra-Cardenas asked the district court to hold any decision in his case in abeyance until the Supreme Court decides the pending matter.

The Eight Circuit Court of Appeals in the matters of **United States v. Croxford**, **United States v. Lamoreaux** and, **United STates v. Mooney**, has declared that the United States Sentencing Guidelines are unconstitutionl. As such, the district court's decision in the case against Petitioner Ibarra-Cardenas is contrary to circuit precedence and his case should be reviewed by the court of appeals by way of a Certificate of Appelability (COA).

A Certificate of Appelability should be issued here for the simple reason that several cases have been decided in a manner that is inconsistent with the decision taken in the matter against Petitioner Ibarra-Cardenas.

As in the cases mentioned above, Petitioner in this case also suffers from the same violation to his Sixth Amendment right to have a jury find beyond a reasonable doubt "any and all facts legally necessary to his sentence.", see **U.S. v. Croxford**.

WHEREFORE Petitioner prays that controlling Eight Circuit law is followed and that his claims are properly reviewed in light of such precedence.

Respectfully submitted this 21st day of November, 2004.

Raul Ibarra-Cardenas
Pro se Petitioner